# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION


**EDDIE ASH,**

    **Petitioner,**

**vs.**
                                            **CASE NO. 4:08cv29-MP/WCS**

**WALTER A. McNEIL,**[1]

    **Respondent.**
                                    **/**

## REPORT AND RECOMMENDATION

       This is an amended petition for writ of habeas corpus filed by Eddie Ash pursuant to 28 U.S.C. § 2254. Doc. 6. Petitioner challenges his conviction after a jury trial for armed robbery with a firearm and attempted armed manslaughter with a firearm in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 02-613CFA. Petitioner is serving a life sentence as a prison releasee reoffender.

---

[1] Walter A. McNeil succeeded James McDonough as Secretary for the Department of Corrections, and is automatically substituted as Respondent. FED. R. CIV. P. 25(d).

Respondent filed a motion to dismiss ground two. Doc. 13. An order was entered noting that the motion to dismiss was not a procedural argument, but argued the merits of that ground, and that this argument was more properly presented in an answer. Doc. 15. Ruling on the motion to dismiss was deferred, and an answer was required. *Id.* Respondent filed the answer, doc. 16, and the record in paper form. Petitioner filed a traverse. Doc. 21.

**Section 2254 Standard of Review**

For claims that were properly exhausted and adjudicated in state court, this court's review is limited. "[A] determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Bui v. Haley, 321 F.3d 1304, 1322 (11th Cir. 2003) (citing the statute, footnote omitted). Moreover, as to a factual issue adjudicated by the state court, Petitioner must show that the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2); 321 F.3d at 1322 (citing the statute). Section 2254(d)(2) is satisfied "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003) (citing § 2254(e)(1), other citation omitted).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. Hawkins v. Alabama, 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also*, Carey v. Musladin, 549 U.S. 70, 74-77, 127 S.Ct. 649, 653-654, 166 L.Ed.2d 482 (2006) (§ 2254 refers to holdings, rather than *dicta*, of the Supreme Court, collecting cases to show that "[r]eflecting the lack of guidance from this Court, lower courts have diverged widely in their treatment of defendants' claims.").

The basic law governing ineffective assistance of counsel claims was clearly established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). Williams, 529 U.S. at 405-406, 120 S.Ct. at 1519-1520; Bell, 535 U.S. at 694-695, 122 S.Ct. at 1850. Under the two part test of Strickland, Petitioner must demonstrate both deficient performance and prejudice to the outcome.

To establish deficient performance, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  In reviewing the claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take."  Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc), *cert. denied,* 531 U.S. 1204 (2001).

For prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694, 104 S.Ct. at 2068.

A state court's adjudication of an ineffective assistance claim does not satisfy the "contrary to" language of § 2254(d)(1) even if this court might have applied Strickland differently.  Williams, 529 U.S. at 406, 120 S.Ct. at 1520; Bell, 535 U.S. at 698, 122 S.Ct. at 1852.  To determine whether the state court's adjudication was an "unreasonable application" of Strickland, Petitioner "must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance . . . .  Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner."  Bell, 535 U.S. at 698-699, 122 S.Ct. at 1852 (*citing* Williams).  "[T]he most important point is that an *unreasonable*

application of federal law is different from an *incorrect* application of federal law." Williams v. Taylor, 529 U.S. at 410, 120 S.Ct. at 1522.

**Petitioner's claims**

Petitioner contends that the trial court failed to afford him a competency hearing prior to trial, and that his attorney was ineffective as to this issue. Doc. 6, p. 4. Petitioner argues that he was taking psychotropic medications, and had had psychiatric treatment while in prison. *Id.*, addendum, p. 1 (doc. 6-2 on the electronic docket, p. 2). He contends that he went to trial without a full understanding of the proceedings. Doc. 6, p. 4.

In ground two, Petitioner recasts this a due process claim, a failure of the trial court to provide a proper competency hearing. Doc. 6, p. 4. In the addendum, he argues that the state court made unreasonable decisions on his claims, and erred by failing to hold an evidentiary hearing on his Rule 3.850 motion. *Id.*, addendum, p. 4 (doc. 6-2, p. 5). Petitioner contends that although the trial court ruled (on the Rule 3.850 motion) that it did hold a competency hearing, the hearing was defective because the court relied upon testimony from one independent expert and should have had two experts. *Id.* (doc. 6-2, pp. 5-6). Petitioner contends that this error erodes the presumption of correctness this court must apply to the state court's ruling on the Rule 3.850 motion. *Id.* (doc. 6-2, p. 6).

Petitioner's claim that there was error by the state courts in his post conviction proceedings does not entitle him to § 2254 relief, which is available only if his conviction or confinement is unconstitutional. *See* § 2254(a) (application will be entertained only on the ground that the applicant is "in custody" in violation of the Constitution or laws or

treaties of the United States). While the actions of the state court in reviewing the conviction now at issue in this court are relevant to determine whether Petitioner has exhausted or procedurally defaulted his claims, or whether federal relief may be granted on a claim adjudicated in state court pursuant to § 2254(d), any error which does not affect the validity of Petitioner's confinement is not a basis for § 2254 relief. Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. ), *cert. denied*, 527 U.S. 1056 (1999) (claim of error or denial of due process in state habeas corpus proceeding did not constitute grounds for federal habeas corpus relief) (citing cases from the Fourth, Fifth, Sixth, Eighth and Ninth Circuits). Ground two, therefore, will be addressed as additional argument in support of ground one.

There is in this record a report of Forensic Psychologist Michael T. D'Errico, Ph.D., dated July 31, 2003, finding that it "appeared" that Plaintiff was currently not competent to stand trial and recommending hospitalization at Florida State Hospital for an expected treatment period of one to three months. Doc. 16, Ex. H, R. 26. In its ruling upon Petitioner's Rule 3.850 motion, the trial court found:

> On July 9, 2003, Defendant's trial counsel, Judy Hall, requested and was granted a competency evaluation for Mr. Ash. (See attached copy of clerk's worksheet) On September 26, 2003, the trial judge conducted a competency hearing after which he ruled the Defendant was competent to stand trial.[1] (See attached copy of clerk's worksheet)
>
> [1] The Defendant was represented by Armando Garcia at his competency hearing.

Doc. 16, Exhibit H, R. 26. The docket reflects that the court found Petitioner competent to proceed on September 26, 2003. *Id.*, Ex. L, p. 3.

There is no transcript of the competency proceedings on September 26, 2003, but the proceedings, such as they were, were mentioned at sentencing. There, the prosecutor told the court:

> My review of the file shows that back on September 26th of 2003, the defendant was back in court before Your Honor. At this time he was represented by Mr. Garcia. *And at this time there was a stipulation to his competency, and the Court, in fact, did find him competent to proceed. . . .*

*Id.*, Ex. C, R. 313 (emphasis added). Petitioner asserted that he had not seen a doctor, and the Court told him, "don't go down that road, because you saw the doctor." *Id.*, R. 314. The Court said: "There was a report submitted and you were found by this Court to be competent to proceed." *Id.*

The finding of fact, that there was a competency hearing resulting in a finding that Petitioner was competent to stand trial, is presumed to be correct. While there was not an evidentiary hearing with an expert called to testify, there was a competency hearing and Petitioner's attorney stipulated to Petitioner's competence. This apparently occurred after Petitioner had received mental health treatment at Florida State Hospital for about two months for his apparent incompetence. Petitioner has not rebutted that finding with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner's attorney stipulated that he was competent to stand trial. Petitioner has not shown that this was attorney error or caused prejudice to the outcome. That Petitioner appeared incompetent earlier and then received treatment does not demonstrate error of counsel or prejudice. The issue was Petitioner's competence on September 26, 2003.

**Conclusion**

Accordingly, it is **RECOMMENDED** that the 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Eddie Ash, challenging his conviction after a jury trial for armed robbery with a firearm and attempted armed manslaughter with a firearm in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 02-613CFA, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on February 23, 2009.

> s/    William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.